367 So.2d 849 (1979)
Frank BURAS
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND OF the CITY OF NEW ORLEANS.
No. 62947.
Supreme Court of Louisiana.
January 29, 1979.
Rehearings Denied March 5, 1979.
*850 Richard A. Dowling, New Orleans, for defendant-respondent.
Ronald A. Welcker of Edward S. Bopp, Law Corp., Arabi, for plaintiff-applicant.
MARCUS, Justice.[*]
Frank Buras instituted suit in the civil district court for the parish of Orleans against the board of trustees of the police pension fund of the city of New Orleans seeking judicial review of the decision of the board denying him disability benefits.
Plaintiff alleged in his petition that, while in the active discharge of duty as a member of the police department, he became permanently disabled so as to render his retirement from service necessary. Consequently, he applied to the board for disability benefits pursuant to La.R.S. 33:2281, et seq. He further alleged that at a meeting of the board on January 13, 1976 to consider his application, the board concluded that he should be re-evaluated by his treating physician and a subsequent meeting would be held to consider the later evaluation. This subsequent meeting was held on March 16, 1976, at which time the board informed plaintiff that his application for disability benefits was denied. Plaintiff also averred that the decision of the board was an abuse of discretion and manifestly erroneous in view of the evidence in the record and sought to have the decision of the board reversed. He contended that the board was an "agency" as contemplated by the Louisiana Administrative Procedure Act (La.R.S. 49:951, et seq.) and as such was subject to its provisions. The board answered, admitting that plaintiff was an active member of the police department but generally denied the other allegations contained in plaintiff's petition.
At trial, plaintiff offered in evidence his own testimony as well as that of a psychologist. Also, the deposition of the treating physician and the medical reports of two examining doctors were received in evidence in accordance with stipulations of the parties. This evidence sought to establish that plaintiff's disability was such that he would be unable to perform any duties within the police department. The board offered in evidence the testimony of Albert W. Raimer, administrator and secretary of the board, who had been present at both meetings involving plaintiff's application. Raimer read into the record the minutes of these meetings which indicated that at the March 16, 1976 meeting, plaintiff's application was denied with the provision that he attempt to work at a desk job for one year and, if he found himself unable to perform those duties, he could then reapply for disability benefits.[1] It was established that plaintiff rejected this offer. The board also offered in evidence testimony which sought to show that plaintiff owned a part interest in a gun shop and worked parttime at the shop during the period of his alleged disability.
The trial judge reversed the decision of the board and rendered judgment in favor of plaintiff and against defendant board, finding plaintiff disabled and entitled to the disability benefits applied for. The board appealed the judgment of the trial court.
The court of appeal, without determining whether the Administrative Procedure Act was applicable to proceedings of the board, noted that it considered a trial de novo was contrary to the intent of the legislature in formulating the board and that, because of *851 the failure of the board to present the trial court with a proper record and findings, the appropriate action of the trial court might have been to remand the case to the board for a full hearing on plaintiff's application with instructions to make up a complete record and to provide written findings of fact and conclusions for the benefit of the reviewing court. However, the appeals court considered that "judicial economy" required it to decide the case with finality on the evidence in the record.
After reviewing the evidence adduced at the trial de novo, the court of appeal found that plaintiff was not entitled to a disability pension. Accordingly, it reversed the judgment of the trial court and rendered judgment in favor of the board, dismissing plaintiff's suit.[2]
On plaintiff's application, we granted certiorari to review the correctness of this decision.[3]
We must first determine whether the Louisiana Administrative Procedure Act is applicable to proceedings of the board of trustees of the police pension fund of the city of New Orleans,[4] and, if so, whether its provisions were properly complied with in the instant case. These issues must be resolved prior to reaching the merits of the case.
A police pension fund for the police department was created by an act of the state legislature. La. Acts 1948, No. 96. Since its creation, the act has been subject to several legislative amendments. The fund exists for pensioning all officers, members, and employees of the police department of the city of New Orleans, their widows, children, and widowed mothers. La.R.S. 33:2281. The legislature also created a board of trustees of the pension fund of the city of New Orleans for the administration, management, operation, and control of the fund, consisting of nine members, in addition to former superintendents of police who are retired on pension. The composition of the board is designated in the act. La.R.S. 33:2282. The board makes all necessary rules and regulations for the operation, distribution, and government of the fund and hears and decides all applications for pensions. La.R.S. 33:2284. If an officer of the police department at any time, while in the active discharge of duty, becomes permanently disabled so as to render his retirement from service necessary, he shall be retired by a two-thirds vote of the members of the board and shall receive a sum not to exceed fifty percent of his salary at the time of the permanent disability. La.R.S. 33:2292.
A determination of whether the Administrative Procedure Act applies to proceedings of the board of trustees of the police pension fund of the city of New Orleans depends on whether the board is an "agency" *852 within the contemplation of the act. For purposes of applying the Administrative Procedure Act, La.R.S. 49:951(2) defines "agency" to mean:
[E]ach state board, commission, or department which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof and the courts.
(emphasis added).
The board of trustees of the police pension fund of the city of New Orleans derives its existence from an act of the state legislature. It awards or denies pensions pursuant to the authority granted it by the legislature. It is therefore apparent that the board of trustees of the police pension fund of the city of New Orleans is a state board which formulates or issues decisions pursuant to the statutes of Louisiana and, as such, is an "agency" within the contemplation of the Administrative Procedure Act.[5] Hence, the Administrative Procedure Act is applicable to proceedings of the board.
Next, we must consider whether the Administrative Procedure Act was properly complied with in the instant case. This determination depends upon the nature and scope of review under the act.
A person who is aggrieved by a final decision in an adjudication proceeding is entitled to judicial review under the provisions of the Administrative Procedure Act. La.R.S. 49:964 A. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within the time limits set forth in the statute. La.R.S. 49:964 B. The agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review unless stipulated to the contrary by the parties. The court may require or permit subsequent corrections or additions to the record. La.R.S. 49:964 D. If, before the date set for hearing, application is made to the court for relief to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court. La.R.S. 49:964 E. The review shall be conducted by the court without a jury and "shall be confined to the record." However, in cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs. La.R.S. 49:964 F. La.R.S. 49:964 G specifically defines the scope of judicial review of agency decisions:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;

*853 (3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
These provisions defining the nature and scope of judicial review under the Administrative Procedure Act do not authorize a trial de novo in the reviewing court. To the contrary, it is clear that the review "shall be confined to the record" as established before the agency. If the reviewing court were allowed to hear such matters de novo and substitute its judgment for that of the administrative agency, it would be usurping the power delegated by the legislature to the administrative agency. It should also be noted that the Administrative Procedure Act, properly complied with, operates to the advantage of both the parties and the courts. It enables the parties to resolve their disputes in a less cumbersome and expensive manner than normally encountered at a trial in court. At the same time, the courts are relieved of the time-consuming task of hearing the evidence. It further permits the administrative agency to weigh and evaluate the evidence with proper respect being given to its expertise in the matter. Additionally, it promotes the uniform application of the statute under which the agency operates.
In the instant case, the trial court improperly conducted a trial de novo of plaintiff's application for disability benefits and based its reversal of the board's decision on the record received by it. In addition, it is apparent that the board itself failed to comply with the procedural requirements established by the Administrative Procedure Act. La.R.S. 49:955-958, 964 D. Pursuant to La.R.S. 49:964 G, the trial court was authorized to remand this matter for further proceedings to allow the board to comply with the requirements of the Administrative Procedure Act. In view of the board's non-compliance with the procedures established by the act and the trial court's failure to remand the case to the board, we find that the court of appeal erred in deciding this matter on the evidence before it. The clear effect of the Administrative Procedure Act is that evidence be heard and evaluated by the agency and a proper administrative record be transmitted to the court on which it can base its review of the agency's decision in accordance with the standard of review set forth in La.R.S. 49:964 G. Accordingly, a proper disposition of this matter requires reversal of the judgment of the court of appeal and remand of the case to the board with instructions to comply with the Administrative Procedure Act.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed; the case is remanded to the board of trustees of the police pension fund of the city of New Orleans with instructions to comply with the Louisiana Administrative Procedure Act.
NOTES
[*] Chief Judge William A. Culpepper participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] The minutes of both board meetings were also read into the record by the trial judge prior to the testimony of Raimer. The trial judge noted that the minutes failed to indicate any findings of fact, conclusions of law, or written reasons for the board's decision. Due to the inadequacy of the board's proceedings, the trial judge at one point continued the hearing to consider whether the Administrative Procedure Act applied to proceedings of the board of trustees of the police pension fund of the city of New Orleans. The record does not reflect any determination as to this issue by the trial judge.
[2] 360 So.2d 572 (La.App. 4th Cir. 1978).
[3] 363 So.2d 534 (La.1978).
[4] We note that La.R.S. 33:2284 provides in pertinent part: "Its [board's] decisions on such [pension] applications shall be final and conclusive. There shall be no appeal from the finding of the board." It is well settled, however, that the right of judicial review of administrative proceedings is presumed to exist and the availability of such review is necessary to the validity of administrative proceedings under our legal system and traditions. Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971); see also, La.Const. art. 1, § 22 ("[a]ll courts shall be open, and every person shall have an adequate remedy and due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights"). When a court can reasonably do so, it will construe a statute so as to preserve its constitutionality. Pearce ex rel. Structural Pest Con. Com'n v. Sharbino, 254 La. 143, 223 So.2d 126 (1969). Therefore, we do not consider that La.R.S. 33:2284 purports to prohibit judicial review of the board's decisions. This court has interpreted a similarly worded statute to mean that as between the board and the applicant for the pension, the decision of the board is final and conclusive and not subject to further review or reversal except by the board on its own motion. Under this interpretation of the statutory language, La.R.S. 33:2284 merely determines the point of administrative finality, leaving to the courts the ultimate decision as to the validity of the final administrative decision. Meyer v. Board of Trustees of Firemen's Pension & Relief Fund, 199 La. 633, 6 So.2d 713 (1942); see also Note Tul.L.Rev. 854, 858 (1969).
[5] It was argued to the courts below that the board of trustees of the police pension fund of the city of New Orleans is not a state board and therefore not an "agency" as defined under the Administrative Procedure Act because it has limited geographic jurisdiction. If the legislature meant to exempt state boards having limited geographic jurisdiction from the coverage under the Administrative Procedure Act, we consider that express language to that effect would have been used. Several states have administrative procedure acts which, by express language, limit the application of the act to state boards having statewide jurisdiction. E. g., Minn.Stat.Ann. § 15.0411(2); N. D. Cent. Code § 28-32-01; Pa.Stat.Ann. tit. 71 § 1710.2(b).