ELLIS, Judge:
On May 19 or 20, 1979, while on duty at the front desk at Troop K, Sergeant Ronald Leger injured his back when he fell while attempting to sit down. By September 7, 1979, he was unable to work because of the pain in his back, despite conservative medical treatment, and went on sick leave. On September 18, 1979, he formally applied for disability retirement.
Pursuant to the application, an appointment was arranged with Dr. Herbert K. Plauche, whose instructions were as follows:
“Our retirement regulations require an in-depth report, in layman’s terms, of your diagnosis and your opinion as to whether this individual should be retired on disability retirement in his position as a State Trooper. Additionally, we will require a qualification as to whether this injury is duty related or a non-duty related injury.”
*248 After examining Sergeant Leger, Dr. Plauehe reported that he was disabled to perform his occupational duties and “in all probability that this is a job-related disability.”
The only other evidence of Sergeant Leger’s physical condition in the record is the opinion of his personal physician, which is in accordance with that of Dr. Plauche.
On November 28, 1979, the State Police Retirement Board met and denied Sergeant Leger’s request “for a 75 percent job-related disability retirement.” No reasons were given for the action.
Thereafter, Sergeant Leger applied for judicial review of the action of the Board. The review, which was based on the record before the Board, resulted in a finding that Sergeant Leger was disabled, that his disability was “work related” and that he was entitled to 75 per cent disability retirement. From the judgment of the trial court, the Board has appealed.
A number of specifications of error are urged. The first of these is that the trial court erred in not remanding the case to the Board so that it might render written reasons for its ruling as required by law.
R.S. 49:958 provides, in part:
“A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.”
The Board did not comply with the foregoing mandatory language, in that it did not render written reasons for its decision. In the recent case of Buras v. Board of Trustees of Police Pension, 367 So.2d 849 (La.1979), the court, in discussing the standard of review as set forth in R.S. 49:964 G, said:
“In addition, it is apparent that the board itself failed to comply with the procedural requirements established by the Administrative Procedure Act. La.R.S. 49:955-958, 964 D. Pursuant to La.R.S. 49:964 G, the trial court was authorized to remand this matter for further proceedings to allow the board to comply with the requirements of the Administrative Procedure Act. In view of the board’s non-compliance with the procedures established by the act and the trial court’s failure to remand the case to the board, we find that the court of appeal erred in deciding this matter on the evidence before it. The clear effect of the Administrative Procedure Act is that evidence be heard and evaluated by the agency and a proper administrative record be transmitted to the court on which it can base its review of the agency’s decision in accordance with the standard of review set forth in La.R.S. 49:964 G. Accordingly, a proper disposition of this matter requires reversal of the judgment of the court of appeal and remand of the case to the board with instructions to comply with the Administrative Procedure Act.”
In accordance with the mandate expressed by the foregoing language, we think we are required to remand the case to the Board so that a proper record can be made up. In view of this finding, we need not consider the other specifications of error.
Accordingly, the judgment appealed from is reversed and set aside, and the case is remanded to the State Police Retirement Board so that it may comply with the provisions of the Administrative Procedures Act, R.S. 49:951 et seq., particularly R.S. 49:958; and thereafter the record shall be conveyed to the Nineteenth Judicial District Court for review in accordance with the standards set forth in R.S. 49:964 G. All costs of this appeal shall be borne by Ronald Leger.
REVERSED AND REMANDED.