432 So.2d 273 (1982)
Ronald T. WEST
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY, et al.
No. 82 CA 0070.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
On Rehearing May 17, 1983.
*274 Thomas Robert Shelton, Ltd., Phillip C. Kobetz, Lafayette, for plaintiff-appellant Ronald T. West.
William C. Toadvin, Baton Rouge, for defendants-appellees Louisiana Dept. of Public Safety, through its secretary, Colonel Malcolm Millet, and Louisiana State Police Retirement Bd., through its chairman, Colonel Malcolm Millet, et al.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a proceeding by Trooper Ronald T. West to secure disability retirement benefits pursuant to La.R.S. 40:1421 et seq. from the Board of Trustees of the Louisiana State Police Retirement System (hereinafter referred to as Board). The Board denied West's application for benefits and he applied to the Nineteenth Judicial District Court for a judicial review of that decision, pursuant to La.R.S. 49:964. In the district court, the Board defended on the grounds that the application for judicial review was not timely and that thus West's claim had prescribed, and in the alternative, that the decision of the Board was correct. The trial judge ruled that the application for judicial review was timely and that the decision of the Board was correct and dismissed appellant's application with prejudice at his costs. Appellant took this devolutive appeal pursuant to La.R.S. 49:965.
On November 8, 1974, appellant was injured in the course of his employment as a state trooper while attempting to free an injured person from a wrecked automobile. As a result of this injury, appellant underwent back surgery in an attempt to treat his condition. Appellant applied to the Louisiana State Police Retirement System for disability retirement benefits on January 27, 1976, claiming total and permanent disability. On January 14, 1977, the Board denied disability retirement benefits and sent notice of this decision to the appellant on January 21, 1977. By letter dated February 7, 1977, appellant requested a rehearing, and on February 23, 1977, the Board denied this request. On July 21, 1977, the appellant filed the petition in the Nineteenth Judicial District Court seeking a judicial review of the Board's administrative decision.
This claim is governed by the provisions of the Administrative Procedure Act, La. R.S. 49:951 et seq. Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979). Pursuant to La.R.S. 49:959, the decision of the Board of January 14, 1977, denying the appellant's application for disability benefits was subject to a rehearing "within ten days from the date of its entry." The application for rehearing filed on February 7, 1977, was not timely because it was not filed within 10 days of the date of the decision on January 14, 1977, or the date that notice of the decision was mailed on January 21, 1977. Thus, the appellant's claim prescribed and became res judicata at that time.
*275 In addition, La.R.S. 49:959 provides that if an application for rehearing is timely filed, the period within which judicial review must be sought "shall run from the final disposition of such application." On February 23, 1977, the Board denied the application for rehearing unless the appellant presented new evidence, which he did not do prior to filing suit on July 21, 1977. La.R.S. 49:964 provides that a petition for judicial review to the district court of the parish in which the agency is located must be filed within 30 days after the decision on an application for rehearing. The filing of the petition for judicial review on July 21, 1977, was almost 5 months after the denial of the rehearing and thus untimely.
The timely filing of a request for judicial review or appeal is essential for the reviewing court to have jurisdiction in administrative determinations as in the case of other appeals. Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978). If an appellant fails to timely perfect his right to judicial review or appeal, a reviewing court may notice ex proprio motu its lack of jurisdiction to adjudicate the matter. Lamartiniere v. Fringe Facts, Inc., 412 So.2d 1161 (La.App. 3rd Cir.1982); Anderson v. City of Baton Rouge, 381 So.2d 842 (La.App. 1st Cir.1980); Vitrano v. Vitrano, 353 So.2d 398 (La.App. 4th Cir.1977). In the instant case, the time for seeking judicial review of the Board's adverse decision expired prior to the filing of the petition in the district court.
For the foregoing reasons, appellant's appeal is dismissed at appellant's costs.
APPEAL DISMISSED.

ON REHEARING
This is a proceeding by Trooper Ronald T. West to secure disability retirement benefits from the Board of Trustees of the Louisiana State Police Retirement System (Board). For the reasons hereinafter given, we granted a rehearing to review our original opinion. A review of the procedural development of these proceedings is essential to a proper decision in this case.

FACTS
On November 8, 1974, West was injured in the course of his employment as a state trooper while attempting to free an injured person from a wrecked automobile. As a result of this injury, West underwent back surgery as part of his treatment.
On January 27, 1976, West applied to the Board for total and permanent disability retirement benefits. On January 14, 1977, West appeared before the Board and was advised that he would be notified in writing of the Board's decision. The Board then unanimously disapproved his disability retirement request. The record contains a copy of a letter dated January 21, 1977, from the Board to West advising of the Board's action. The record contains no evidence to show if or when this letter was mailed or when it was received by West.
By letter dated February 7, 1977, West applied for a rehearing of the Board's decision. The copy of this letter in the record indicates that it was stamped received by the Board on February 10, 1977. On February 23, 1977, the Board met and considered West's application for rehearing. A motion was made that the rehearing be denied "... unless he presents new evidence to the Board." This motion was seconded and carried.
This suit for judicial review of the agency action was filed on July 21, 1977. On July 28, 1977, the Board met and discussed West's suit. On August 12, 1977, West was reexamined by Dr. William E. Smith. Dr. Smith reported his findings to the Board by letter dated August 16, 1977.
On August 16, 1977, the Board filed a motion for summary judgment alleging that West was working and receiving all compensation due him. The record reflects that after his surgery, West returned to work and was placed in a clerical or "light duty" position. He was subsequently placed on active duty, but six months later, was reassigned to "light duty." West continued to work in a "light duty" position through October 30, 1978, when he was placed on sick leave.
*276 On November 14, 1977, West filed an amended petition. Pursuant to a notice filed on February 1, 1978, the deposition of Colonel G.W. Garrison was taken on March 23, 1978. This deposition concerned substantive matters at issue in the suit. Pursuant to notices filed on September 28, 1978, the depositions of Major J.E. Chargois and Captain Clifton Cabell were taken on October 12, 1978. These depositions pertained to substantive matters at issue in the suit.
By letter dated October 30, 1978, Dr. William E. Smith advised the Board that West had significant permanent disability as a result of the injuries that he sustained in November of 1974, and was incapable of performing the occupational duties as a state trooper. By letter dated October 31, 1978, the Department of Public Safety advised West that he was officially placed on sick leave until such time as he was able to return to duty as a road trooper. By letter dated November 27, 1978, the Department of Public Safety advised West that as of the close of business on December 1, 1978, all of his accumulated leave would be exhausted. During the period of December 2, 1978 through January 23, 1979, West was placed on a leave of absence without pay. On January 18, 1979, the Board met and discussed West's case and "... determined that official action was not necessary because this matter is presently in litigation." By letter dated January 19, 1979, the Department of Public Safety advised West that he was being terminated as a state trooper effective upon his receipt of the letter because he had exhausted all of his sick leave. West was officially terminated as a trooper on January 23, 1979.
By letter dated October 3, 1979, West filed a second application for rehearing with the Board. On October 16, 1979, West appeared before the Board through his counsel and filed with the Board the depositions of Colonel Garrison, Major Chargois and Captain Cabell and reports from three doctors. The Board took West's case under advisement, requested that he appear before the medical disability doctor for the Board, and that the record of the examination be made available to the Board. By letter dated October 17, 1979, West was requested to appear for an examination by Dr. Herbert K. Plauché on October 29, 1979. By letter dated October 31, 1979, Dr. Plauché reported to the Board about his examination of West on October 29, 1979. Dr. Plauché determined that West had a 25% total body disability as a result of his injury and subsequent surgery. He was further of the opinion that West would experience considerable difficulty in prolonged sitting, such as in operating a motor vehicle, in turning his head from left to right, or in exerting strenuous muscular activity, such as would be required to apprehend law breakers, extricate injured persons from wrecked vehicles and change flats, all of which duties are included in the job description of a Louisiana State Highway Patrolman.
On November 28, 1979, the Board met again and considered West's case. West's attorney filed the October 31, 1979 report of Dr. Plauché with the Board. The Board then determined to "... take no further action on this case as a suit has already been filed against the Louisiana State Police Retirement System." By letter dated December 3, 1979, West was advised of this action of the Board.
On January 9, 1981, a hearing was held on the Board's motion for summary judgment and it was denied. The Board filed its answer to the petition on June 5, 1981. A pretrial conference was held in this matter on July 9, 1981, and the trial judge handed down reasons for judgment on September 15, 1981. The judgment of the trial court was read and signed on December 3, 1981. The trial judge determined that West's appeal was timely because the Board entertained a second request for a rehearing, and that the decision of the Board did not become final until November 28, 1979, if then. The trial court also held that the Board's decision was not arbitrary, capricious or an abuse of discretion "... in view of the evidence on the whole record." On December 21, 1981, West took this devolutive appeal. La.R.S. 49:965.

*277 TIMELINESS OF APPEAL
The procedural aspects of this claim are governed by the provisions of the Administrative Procedure Act, La.R.S. 49:951, et seq. Darbonne v. Louisiana State Police Retirement Board, 408 So.2d 452 (La.App. 1st Cir.1981). Pursuant to La.R.S. 49:959(A), a decision of the Board is subject to a rehearing "... within ten days from the date of its entry." The decision of the Board was entered on January 14, 1977, and the application for a rehearing is dated February 7, 1977. Since the application for rehearing was not filed with the Board within ten days from the date of entry of its decision, it was not timely and of no legal effect. Jordan v. Sutton, 411 So.2d 1170 (La.App. 1st Cir.1982), writ denied 414 So.2d 388 (La.1982).
Pursuant to La.R.S. 49:964(B), a person may petition a district court for judicial review of an agency action "... within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon." In the instant case, the application for rehearing was not timely and, therefore, of no legal effect. Thus, the appropriate time for the filing of this appeal was within thirty days after mailing of the notice of the Board's decision rendered on January 14, 1977. In his request for this rehearing, West correctly brought to the attention of this court the fact that, although the letter of notification filed in the record is dated January 21, 1977, there is no evidence of record to show when or if it was mailed or when or if it was received. There is no notation on the letter of notification made by office personnel that the letter was mailed and there is no return receipt, postmark or testimony of office personnel indicating that notice was properly mailed. See, for example, Houston v. Administrator of Division of Employment Security, 191 So.2d 167 (La.App. 3rd Cir.1966). Since the Board asserted that the appeal was not timely, the burden was on it to show when the time for appealing commenced to run. Since they have failed to do that, this appeal was timely filed on July 21, 1977. We further agree with the trial judge that by entertaining the second request for a rehearing after suit was filed, the Board acquiesced in the appeal and cannot now claim its untimeliness.

PROPRIETY OF REMAND
La.R.S. 49:958 provides, in pertinent part, as follows:
A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings....
No findings of fact, conclusions of law or written reasons have been filed in the record by the Board as required by law. Judicial review of an agency action is confined to the record as established before the agency. La.R.S. 49:964(F). We cannot reverse or modify an agency's findings of fact unless they are arbitrary, capricious, characterized by abuse of discretion, clearly unwarranted or manifestly erroneous. La. R.S. 49:964(G)(5) and (6). Without findings of fact, we do not know how the agency resolved conflicts in testimony (credibility), what weight was given to elements of evidence or what inferences were drawn from the basic facts. In Baton Rouge Water Works Company v. Louisiana Public Service Commission, 342 So.2d 609, 612 (La.1977), appears the following:
For purposes of judicial review, and in order to assure that the Commission has acted in accordance with law, it is usually preferable that, in a contested case involving complex issues, the administrative agency makes findings as to the central disputed issues and explain the reasons for its determination....
(Citations omitted).
We have not before now, however, held that such formal findings and reasons are sacrosanct to the validity of an administrative determination, unless required by statute. Nevertheless, Louisiana courts *278 have on occasion remanded for this purpose, when unable to review the agency determination in the absence thereof. See Louisiana decisions cited in the preceding paragraph.
(Emphasis added).
Although a trial court may take evidence to determine if there were procedural irregularities before an agency [La.R.S. 49:964(F)], it may not receive substantive evidence on the merits, but must remand to the agency for taking additional substantive evidence upon conditions determined by the court. La.R.S. 49:964(E); Force and Griffith, The Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227, 1279-1282 (1982). It appears that the trial judge considered evidence that was not considered by the Board. In his reasons for judgment, the trial judge indicated that "... this Court will decide whether the Board's decision was arbitrary, capricious, and an abuse of discretion or manifestly erroneous in view of the evidence on the whole record." (Emphasis added). The judge's reasons also indicate that he considered the medical reports submitted by Drs. Goldware, Flynn, Borne, Byars, W.E. Smith and Plauché. The depositions of Colonel Garrison, Major Chargois and Captain Cabell and the medical reports of Dr. Smith dated August 16, 1977, and October 30, 1978, and the report of Dr. Plauché dated October 31, 1979, were not filed with the Board until after suit was filed. The Board declined to consider this evidence because suit was pending in the district court. Thus, the district court considered and acted upon evidence which had not been considered or acted upon by the Board, contrary to the provisions of La.R.S. 49:964(E).
This case is analogous to White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971). In White, the district court received into evidence and considered depositions of a number of witnesses that had not been received or considered by the Public Service Commission when making its agency ruling, contrary to the provisions of La.R.S. 45:1194. The Louisiana Supreme Court reversed the trial court judgment with the following language:
... Ordinarily, review of administrative rulings does not even allow the trial court or this court to make independent findings of fact where there are findings of fact in the record, unless there is a showing that the findings of fact were arbitrary and unreasonable and made without substantial evidence. Moreover, new facts are not ordinarily received by courts for an independent determination on purely administrative adjudications....
Administrative boards such as the Public Service Commission are the primary factfinders. Many jurisdictions have adopted the "substantial evidence rule" for limiting the scope of judicial review. Only in exceptional cases is new evidence admissible in a trial court on review of an adjudication made after a hearing before an administrative board. It is a non-judicial function to fix rates, issue licenses, and grant certificates of authority. Where the Legislature has regulated business and activities, it has assigned these duties to administrative boards and agencies. Moreover, it would unduly burden the courts to require them to function in a purely legislative or executive capacity. Indeed, our restraint in acting only as a judicial reviewing body maintains the essential separation of powers in this field. See 2 Cooper, State Administrative Law, Chapt. XIX (1965); 4 Davis, Administrative Law Treatise, Chapt. 29 (1958).
The trial court acted contrary to statute and the Constitution in permitting the introduction of new evidence without requiring an explicit stipulation of all parties, particularly the Commission, that the new evidence would not have to be resubmitted to the Commission before the trial court could adjudicate the issue.
(White, 250 So.2d at 372).
This case is partially analogous to Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La. 1979). In Buras, the agency failed to file findings of fact, conclusions of law or written reasons, as in the instant case. The trial court held a trial de novo to secure *279 evidence upon which to make an adjudication. The Court of Appeal determined that judicial economy required it to decide the case based on the evidence taken by the trial court. The Louisiana Supreme Court reversed the Court of Appeal and remanded the case to the agency with instructions to comply with the Administrative Procedure Act. In Buras, 367 So.2d at 853 appears the following:
These provisions defining the nature and scope of judicial review under the Administrative Procedure Act do not authorize a trial de novo in the reviewing court. To the contrary, it is clear that the review "shall be confined to the record" as established before the agency. If the reviewing court were allowed to hear such matters de novo and substitute its judgment for that of the administrative agency, it would be usurping the power delegated by the legislature to the administrative agency. It should also be noted that the Administrative Procedure Act, properly complied with, operates to the advantage of both the parties and the courts. It enables the parties to resolve their disputes in a less cumbersome and expensive manner than normally encountered at a trial in court. At the same time, the courts are relieved of the time-consuming task of hearing the evidence. It further permits the administrative agency to weigh and evaluate the evidence with proper respect being given to its expertise in the matter. Additionally, it promotes the uniform application of the statute under which the agency operates.
In the instant case, the trial court improperly conducted a trial de novo of plaintiff's application for disability benefits and based its reversal of the board's decision on the record received by it. In addition, it is apparent that the board itself failed to comply with the procedural requirements established by the Administrative Procedure Act. La.R.S. 49:955-958, 964 D. Pursuant to La.R.S. 49:964 G, the trial court was authorized to remand this matter for further proceedings to allow the board to comply with the requirements of the Administrative Procedure Act. In view of the board's non-compliance with the procedures established by the act and the trial court's failure to remand the case to the board, we find that the court of appeal erred in deciding this matter on the evidence before it. The clear effect of the Administrative Procedure Act is that evidence be heard and evaluated by the agency and a proper administrative record be transmitted to the court on which it can base its review of the agency's decision in accordance with the standard of review set forth in La.R.S. 49:964 G. Accordingly, a proper disposition of this matter requires reversal of the judgment of the court of appeal and remand of the case to the board with instructions to comply with the Administrative Procedure Act.
(Emphasis added).
In the instant case, the trial court considered de novo the three depositions and the three additional medical reports after the agency declined to consider or act upon them.
The instant case is distinguishable from Leger v. State Police Retirement Board, 393 So.2d 247 (La.App. 1st Cir.1980), writ granted and case remanded to the Court of Appeal for review on the merits, 399 So.2d 209 (La.1981). In Leger, no findings of fact or conclusions of law were filed by the agency, but the evidentiary record was complete. The trial court considered the record as it was established before the agency. There is no indication in Leger that the trial court or the Court of Appeal considered evidence that was not considered by the agency, such as in Buras and the instant case.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded to the Board for consideration of all evidence filed of record and for compliance with La.R.S. 49:958. The allocation of costs shall be held in abeyance pending a final resolution of this matter.
REVERSED AND REMANDED.