CARTER, Judge.
This is an appeal from a disciplinary board conviction.
*1007 FACTS
Plaintiff, Robert G. Rocky, is an inmate at Louisiana State Penitentiary at Angola. On February 8, 1982, plaintiff was convicted of a disciplinary infraction by the disciplinary board. He appealed his conviction to the Secretary of the Department of Corrections. On January 4, 1983, the Secretary denied plaintiffs appeal, and Rocky received the decision denying his appeal on January 6, 1983.[1] Thereafter, plaintiff prepared and signed his application for judicial review of this administrative decision on February 1, 1983. The Nineteenth Judicial District Court received plaintiffs application on February 4, 1983. The original suit, however, was not accompanied by advance court costs, and the suit was not filed until February 15, 1983. Additionally, plaintiffs application to proceed in forma pauperis was not signed by plaintiff until February 22, 1983, and the order permitting plaintiff to proceed in forma pauperis was not signed until March 9, 1983.
In answer to plaintiff's petition, defendant, John T. King, Secretary of Corrections, denied plaintiffs allegations and filed an exception of prescription, contending that plaintiffs appeal was untimely.
Thereafter, plaintiff filed a motion for summary judgment. A hearing on the motion for summary judgment was held on November 7, 1983. At the hearing on the motion for summary judgment, plaintiff acquiesced in addressing the issue of prescription.
The trial court found that plaintiffs appeal was not timely filed and dismissed his suit. From this judgment, plaintiff appeals.[2]
*1008 ARGUMENT
Under LSA-R.S. 49:964(B), the time delay for filing a petition in the district court for judicial review is within thirty days after mailing of notice of the final decision or within thirty days after the decision on rehearing.
In the case sub judice, the appropriate time for the filing of this appeal was within thirty days after mailing of the notice of the Secretary’s decision rendered on January 4, 1983. Although the letter of notification filed in the record is dated January 4, 1983, there is no evidence in the record to show when it was mailed. There is also no notation on the letter of notification by office personnel that the letter was mailed, and there is no return receipt, postmark, or testimony of office personnel indicating that notice was properly mailed. However, the record does reflect that the letter was received by the legal programs department at Louisiana State Penitentiary at Angola on January 6, 1983.
Since the Secretary asserted that appellant’s appeal was not timely, the burden was on the Secretary to prove when the time for appealing commenced to run. West v. Louisiana Dept. of Public Safety, 432 So.2d 273 (La.App. 1st Cir.1982). See also Nix v. King, 457 So.2d 805 (La.App. 1st Cir.1984). Since the Secretary failed to establish when the time for appealing began to run, this appeal was timely filed on February 4, 1983.
For the above reasons, the judgment of the trial court dismissing plaintiff’s suit as untimely, is reversed and this cause is remanded for further proceedings. Costs of this appeal are assessed against the Secretary of Corrections in the amount of $50.00. All other costs are to await final determination of this case.
REVERSED AND REMANDED.

. Although it is unclear from the record whether the decision on the disciplinary board appeal was mailed or hand-delivered, the record clearly reflects that it was received by the legal programs department at Louisiana State Penitentiary at Angola on January 6, 1983.

. On appeal, plaintiff assigns the following specifications of error:
I. Whether the expiration of the prescription period under L.S.A. R.S. 49:964 of the Administrative Procedure Act was caused by plaintiff or error by the Clerk of Court where one day over said (30) day prescription period is the most important issue being argued in this case.
(A)Whether plaintiff proceeding as a pro se litigant from Louisiana State Penitentiary should be held at fault for the negligence in the handling of the U.S. Mail by agents and employees of defendant when it is shown that plaintiff’s petition was mailed two days prior to last day of prescription period.
II. Whether Commissioner erred in allowing counsel for defendant to file oral exception of prescription at hearing on plaintiffs motion for summary judgment where said exception was used as basis for recommendation of dismissal.
(A) Whether Commissioner erred in hearing issues of the case in regard to defendant’s oral exception of prescription when it was obvious that the prescription had become an issue of dispute which should have been handled and presented at hearing of the totality of the issues surrounding plaintiff's case for review of said state agency final adjudication decision.
(B)Whether Commissioner erred in hearing issues of the case in regard to defendant’s oral exception of prescription when it was obvious that plaintiff was not prepared to argue issue of prescription due to the fact that he mailed his petition two days prior to the last day of prescription period which made him believe that prescription could not have expired.
III. Whether the Administrative Procedure Act should govern appeals to the Secretary of the Louisiana Department of Corrections from prisoners in State institutions in total disregard to the laws set down by the Federal District Courts, Federal Appellate Courts, U.S. Supreme Court and the United States Constitution.
(A) Whether the Administrative Procedure Act, which is relatively new law enacted by the Louisiana Legislature, should overrule the long standing laws of Louisiana Civil Procedure governing prescription.
(B) Whether the Administrative Procedure Act should apply to prisoners confined in the Louisiana Department of Corrections in total disregard to prisoners’ rights when Louisiana Department of Corrections has completely disregardede (sic) the laws enacted by Congress in May of 1980 concerning the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997-1997j.
(C) Whether the Administrative Procedure Act was originally enacted to apply to State prisoners confined in the Louisiana Department of Corrections or enacted to apply to persons employed or in contract with the Louisiana Department of Corrections.
IV. Whether review of State agency final adjudication decision is actually a law suit as *1008 pointed out so many time by the Commissioner in the Nineteenth Judicial District Court.
(A) Whether plaintiff could be denied his rights to proceed with discovery pursuant to Louisiana Civil Procedure if said review of State agency final adjudication decision is indeed a law suit as pointed out by Commissioner.
(B) Whether plaintiff could have been denied his right to trial by jury guaranteed to him by the Seventh Amendment of the United States Constitution and Louisiana law solely because the language of the Administrative Procedure Act specifically states that the review of a State agency final adjudication decision shall be conducted by the court without a jury.
V. Whether fact that plaintiff did not receive appeal decision from Secretary of Corrections until approximately (7) seven days after decision was rendered was cause for extension of (30) thirty day prescription period cited in Administrative Procedure Act.