LEBLANC, Judge.
Appellant, Saundra Fauré, appeals a decision of the Civil Service Commission (Commission) dismissing her appeal as untimely.
Appellant was employed as a Clerk IV with permanent status by the Department of Health and Human Resources (DHHR). While so employed, she received an unsatisfactory service rating for the period from April 1, 1983 to March 31, 1984. In accordance with Civil Service Rule 10.22, she filed an appeal of this rating with DHHR. This appeal was originally scheduled for an in-tra-agency hearing before a referee on May 21, 1984. However, pursuant to both a written and oral request from appellant’s counsel on May 18, 1984, the hearing was continued because of a conflict in counsel’s schedule. By letter dated May 22, 1984, notice was sent to appellant’s counsel, but not to appellant herself, that the hearing had been rescheduled to May 29 at 1:00 p.m. Appellant’s counsel was out of town during this period and his office was closed. He testified that he did not receive notice of the rescheduled hearing date until he returned to his office on May 31, 1984. At that time, he again requested that the hearing be rescheduled. However, by a memorandum dated June 1, 1984, the appointing authority dismissed appellant’s in-tra-agency appeal on the basis that both she and her counsel had failed to appear at the time scheduled for hearing on May 29, 1984. There is no evidence of record to show when or if notice of this decision was *1024 mailed to either appellant or her counsel. There is no notation on the decision itself indicating notice was sent, nor is there a return receipt, postmark or any testimony of office personnel to the effect notice was properly mailed.
On July 6, 1984, the appointing authority issued an “Amended and Final Decision” which differed from the decision rendered on June 1, 1984 only in that the former included a statement of appellant’s appeal rights. This amended decision was issued upon the advice of the appointing authority’s counsel, who was of the opinion that the first decision was defective because it lacked a statement of appeal rights.[1]
On July 17, 1984, appellant filed an appeal to the Commission complaining of the dismissal of her intra-agency appeal. Following a hearing on the issue of whether appellant’s intra-agency appeal should have been dismissed for non-appearance, the Commission declined to reach this issue and instead dismissed appellant’s appeal on the basis of untimeliness. Appellant then took the present appeal.
The initial issue presented is whether appellant’s appeal to the Commission was timely. An employee seeking review of an “unsatisfactory” service rating, may appeal this rating to his appointing authority. If the employee is dissatisfied with the decision reached in this intra-agency appeal, he then has thirty calendar days from the date he is furnished a copy of the appointing authority’s decision to appeal to the Commission. Civil Service Rule 10.4. The Commission held that this thirty day period began to run in the present case from the date appellant received notice that the appointing authority had dismissed her intra-agency appeal, a decision rendered on June 1, 1984. Although there was no evidence of when either appellant or her counsel actually received this notice, the Commission concluded under the provisions of Civil Service Rule 12.3(b)(2) that the latest date upon which appellant could have received notice was June 8, 1984. Rule 12.-3(b)(2) deals with the procedure to be used in cases of disciplinary actions and provides that written notice of such actions shall be deemed furnished to the employee upon:
[T]he seventh day subsequent to the day on which an appointing authority establishes that it was deposited in the United States Mail, with proper postage affixed, and addressed to the employee at his last known address as furnished to the appointing authority ...
(Emphasis added)
By its literal terms, Rule 12.3 is applicable only in cases involving disciplinary actions. However, even if applicable in the instant situation, its application does not warrant dismissal of appellant’s appeal as untimely. Upon careful reading of this provision, the fallacy of the Commission’s position is apparent, in that it was not established when a copy of the June 1 decision was mailed to either appellant or her counsel. It is impossible to properly utilize this provision under these circumstances. The party asserting untimeliness of an appeal has the burden of establishing when appeal delays commenced. See, Rocky v. King, 471 So.2d 1006 (La.App. 1st Cir.1985); West v. Louisiana Dept. of Public Safety, 432 So.2d 273, 277 (La.App. 1st Cir.1982). Since this date was not established in this case, it was improper for the Commission to dismiss appellant’s appeal on the basis of untimeliness. Id. Accordingly, the decision of the Commission dismissing the appeal taken by appellant on July 17, 1984 is reversed.
The substantive issue raised in appellant’s appeal to the Commission was whether her intra-agency appeal was properly dismissed on the basis of nonappearance. The Commission did not reach this issue in light of its dismissal of appellant’s appeal as untimely. However, in the interest of judicial economy, we will now dispose of this issue since all of the evidence on it is in the record before this court. See, Gon *1025 zales v. Xerox Corporation, 320 So.2d 163 (La.1975).
Although notice is a fundamental requirement of due process, the notice required for an administrative hearing is not as strict or exacting as that required in a judicial proceeding. Tafaro’s Invest. Co. v. Division of Housing Improve., 261 La. 183, 259 So.2d 57, 60 (1972). The notice in such cases need only be reasonable under the circumstances, and serve the primary function of allowing the plaintiff sufficient opportunity to prepare for the hearing. Id., Buras v. Bd. of Trustees of Pol. Pens. Fund, 430 So. 237 (La.App. 4th Cir.1983).
Appellant argues that her nonappearance was excusable, because she was given no notice of the rescheduled hearing date and her counsel was given inadequate notice. She also points out that no effort was made to contact her upon the failure of her counsel to appear at the hearing, although she worked in the same building where the hearing was held.
From our examination of the record, we agree that appellant’s intra-agency appeal should not have been dismissed on the basis of nonappearance. The motion for continuance filed by appellant’s counsel demonstrates an intent not to abandon this appeal. Further, even if appellant’s counsel had not been out of town, the notice of reassignment dated May 22, 1984, gave only very short notice of the rescheduled hearing date. This case is one where a strict adherence to technical rules does not serve the interests of justice. Under these circumstances, we reverse the dismissal of appellant’s intra-agency appeal. Cf. Dillard v. Stamm, 400 So.2d 1112, 1115 (La.App. 1st Cir.1981); Fidelity Acceptance Corp. v. Brown, 382 So.2d 1007 (La.App. 1st Cir.1980). Further, it is ordered that this matter be remanded and that DHHR promptly schedule a hearing, in accordance with Civil Service Rule 12.4(c), on appellant’s appeal from her unsatisfactory service rating and that thereafter there be due proceedings in accordance with law.
DHHR is to pay $195.00 as costs of this appeal.
REVERSED AND REMANDED.

. Counsel for the appointing authority later took the position that he was mistaken, and that notice of appeal rights was not necessary in this proceeding. However, since resolution of this issue is not necessary to the deposition of this appeal, this court it considered at this time.