FOGG, Judge.
This appeal by an aggrieved bidder challenges an administrative agency’s determination that the specification requirements of an invitation for bid (IFB) were vague and ambiguous and, therefore, the IFB must be withdrawn. The trial court affirmed the administrative rulings. For the following reasons, we affirm the judgment of the trial court.
On March 2, 1992, the State of Louisiana, Division of Administration (DOA) dispatched an IFB for proposal No. Y 41096 DL to contractors for the construction and installation of three medical waste incinerators. Inferno Associates, Inc. (Inferno) and Crochet Equipment Company, Inc. (CEC) were the only companies to submit bids in connection with this IFB. The sealed bid opening occurred of April 7,1992.
On May 18, 1992, Lee P. Fournet, Deputy Director of the Louisiana Department of Health and Hospitals (DHH), forwarded a letter to Virgie 0. Leblanc, Director of Louisiana State Purchasing. Therein, Fournet stated that, CEC was the low bidder; however, CEC did not provide detailed specifications as required by the bid specifications. He recommended, on behalf of DHH, that the bid from CEC be disqualified on that basis. Attached was a document entitled Deviation From Incinerator Specifications which listed twenty-two contract deviations.
Leblanc advised Brian Eddington, attorney for CEC, of DHH’s recommendation for the disqualification of Crochet Equipment Company’s bid proposal. On July 20, 1992, Eddington responded to Leblanc by letter as follows:
In a recent telephone conservation you requested that I provide you with a point-by-point defense to the listing of contract deviations submitted to your office by DHH. By this letter I must formally decline your request as such a response is not required by the Louisiana Procurement Code, and as such a request represents a substantial shifting of the burden of laproof mandated by the Procurement Code. As you are aware, the general principal underlying the Procurement Code is that the contract should be awarded to the lowest bidder. Should the Department of Health and Hospitals maintain the position that Crochet Equipment, Inc.’s bid was not responsive to the bid specifications they alone bear the burden of so proving.
*1282 Leblanc construed the above letter as a protest of the award as provided for by LSA-R.S. 39:1671 A. On August 6,1992, she wrote to Eddington stating that the Procurement Code provides that contracts shall be awarded to “the lowest responsive ... bidder whose bid meets the requirements and criteria set forth in the invitation for bids.” She pointed out that DHH had evaluated the bids and determined that CEC’s bid did not meet the specifications as shown in the document entitled Deviation from Incinerator Specifications. She stated:
The notice requirements contained in the Purchasing Rules and Regulations provide that the “written protest must state the issues protested.” (Emphasis added.) A statement to the effect that a bidder is protesting the award does not put other interested persons on notice as to the precise issues that will be presented to the Hearing Officer.
Therefore, the only issues that will be before the Hearing Officer are those contained in the document entitled “Deviation from Incinerator Specifications” prepared by DHH.
She then stated that, pursuant to LSA-R.S. 39:1671 and corresponding Purchasing Rules and Regulations, a hearing would be held on August 26, 1992. That hearing was continued and testimony was heard on September 9,1992 and November 13,1992.
On December 21, 1992, the hearing officer for the Division Of Administration (DOA) rendered a decision. Therein, he stated that CEC had filed a timely protest to the State’s intent to award a contract for incinerators to Inferno Associates, contending that it was the lowest bidder and should have been awarded the contract. After reviewing the deviations asserted by DHH, the hearing officer concluded as follows:
hPage 14, paragraph 1, of the Invitation for Bids (IFB), required detailed construction specifications be furnished with the bid package. The IFB did not define what specifically constitutes “detailed construction specifications.”
Page 14, paragraph 2, of the IFB, states that technical data must be submitted; but it does not state that data must be furnished with the bid.
Page 12, paragraph 6, of the IFB, as modified by Addendum Number 3 states, “Shop Drawings must be submitted within ten (10) working days after notification to submit.”
Certain rules and regulations were promulgated pursuant to the Louisiana Procurement Code. In particular, LAC 34:I.2303(A) states, in part, “[sjpecifica-tions shall be drafted with objective of clearly describing the State’s requirements.”
The invitation for bids is ambiguous as to what information was required and when it was required. La. R.S. 39:1594(E) says, in part, “[b]ids shall be evaluated based on the requirements set forth in the invitation for bids.” Due to the confusing nature of the specifications, the State could not evaluate the bids based on the requirements set forth in the invitation for bids as required by law.
Based on the foregoing on three specific examples of ambiguity in the IFB, the hearing officer determined that bid No. Y 41096 DL had to be canceled and that, if the State wants to rebid this equipment, the ambiguous specifications must be clarified and also reviewed to assure that the specifications will not be unduly restrictive. The Commissioner of Administration for DOA affirmed the hearing officer’s decision.
Inferno filed a Petition to Review the Administrative Adjudication Hearing on February 8, 1996, contesting the hearing officer’s decision to cancel No. Y 14096 DL and the hearing officer’s failure to reach the issue of whether CEC’s bid was in compliance with the bid specifications. On July 26, 1996, the district court entered a judgment affirming the hearing officer’s decision. Inferno appealed.
The standard of judicial review of a decision of the agency is set forth in LSA-R.S. 49:964 G. That statute provides that |sthe court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory *1283 provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous.
The manifest error test of La.R.S. 49:964 G(6) is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test of La. R.S. 49:964 G(5) is used in reviewing the administrative tribunal’s conclusions and the exercise of discretion. Save Ourselves v. La. Environ. Cont. Com’n, 452 So.2d 1152 (La.1984). A conclusion of a public body is capricious when the conclusion has no substantial evidence to support it, or the conclusion is contrary to substantiated competent evidence. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. Coliseum Square Ass’n v. New Orleans, 544 So.2d 351 (La.1989). One purpose of so limiting the scope of review is to prevent the reviewing court from asserting the power delegated to the agency by the legislature. Buras v. Board of Trustees of Police Pension, 367 So.2d 849 (La.1979).
Pacificorp Capital, Inc. v. State Through Div. of Admin., Office of State Purchasing, 92-1729, p. 5 (La.App. 1 Cir. 8/11/94); 647 So.2d 1122, 1125, writ denied, 94-2315 (La.11/18/94); 646 So.2d 387.
Initially, Inferno asserts that the hearing officer erred in rendering a decision based on a solicitation issue when conducting a protest hearing on the intent to award a contract. In making this assertion, Inferno refers this court to LSA-R.S. 39:1671 which provides for the authority to resolve protested solicitations and awards as follows:
A.Right to protest. Any person who is aggrieved in connection with the solicitation or award of a contract shall protest to the chief procurement officer. Protests with respect to a solicitation shall be submitted in writing at least two days prior to the opening of bids on all matters except housing of state agencies, their personnel, operations, equipment, or activities pursuant to R.S. 39:1643 for which such protest shall be submitted at least ten days prior to the opening of bids. Protests with | ¿respect to the award of a contract shall be submitted in writing within fourteen days after contract award.
B. Authority to resolve protests. The chief procurement officer or his designee shall have authority, prior to the commencement of an action in court concerning the controversy, to settle and resolve a protest of an aggrieved person concerning the solicitation or award of a contract. This authority shall be exercised in accordance with regulations.
C. Decision. If the protest is not resolved by mutual agreement, the chief procurement officer or his designee shall, within fourteen days, issue a decision in writing. The decision shall:
(1) State the reasons for the action taken; and
(2) Inform the protestant of its right to administrative and judicial review as provided in this Part.
Under Section A, an aggrieved party can either contest the solicitation of a contract or the award of a contract. It is undisputed that the solicitation of this contract was not contested. Inferno contends that the issue of the adequacy of the solicitation is not properly before the hearing officer at a hearing to contest the award of a contract. We disagree. CEC’s bid was threatened with disqualification because it did not meet bid specifications. Without first determining whether the specifications were clear or susceptible to misinterpretation by bidders, the hearing officer could not determine whether disqualification was proper. Therefore, the adequacy of the bid specifications that were pertinent to the disqualification hearing was a critical inquiry which had to be made prior to considering other issues. Inferno asserts that notice to the parties that the twenty-two alleged deviations were to be considered at the hearing was insufficient to notice the parties that the hearing officer would review the adequacy of the bid specifications. For the reasons stated above, we reject this argument.
Inferno further contends that the hearing officer abused |7his discretion and was manifestly erroneous in finding that the *1284 specification requirements to be vague and ambiguous. The hearing officer concluded that, while requiring “detailed construction specifications” be submitted with the bid, bidders were not given a definition regarding what constituted “detailed” or guidelines as to what degree of detail was required; that the State would require technical data, but did not require CEC submit that data with its bid; and similarly that shop drawings would have to be submitted, but only within ten working days after the State gave a bidder notice to submit them. We conclude that the hearing officer properly reviewed the evidence before him when he decided that the specifications as written could not fairly be used to evaluate bids in this solicitation. After reviewing the entire record on appeal, we find no manifest error or abuse of discretion in this determination. Furthermore, since the specifications were unclear as to what was required and when certain information had to be given to the state for evaluation, no determination as to CEC’s responsiveness could be properly made.
For the foregoing reasons, we affirm the judgment of the trial court. Costs are assessed against appellant, Inferno Associates, Inc.
AFFIRMED.