JgGAIDRY, J.
The Louisiana State Employees’ Retirement System (LASERS) appeals an adverse judgment of the trial court in Ethel Dobrowolski’s favor, overruling LASERS’s decision that she was not disabled. For the following reasons, we reverse the trial court’s judgment and remand the case to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
This action commenced when LASERS sought to re-certify Ms. Dobrowolski’s continuing eligibility for disability benefits pursuant to La. R.S. 11:220. After three medical examinations, two rheumatologists and a psychiatrist certified that Ms. Do-browolski was no longer permanently and totally disabled; therefore, LASERS ruled she was not entitled to continued disability benefits.
The statutory certification procedure does not specifically provide for any type of hearing wherein Ms. Dobrowolski could present relevant on her behalf. See La. R.S. 11:218. Nor does it allow for her treating physician’s opinion to be considered, other than as expressed through her case history. Id. Accordingly, Ms. Dobro-wolski filed a petition for judicial review of *456 the administrative ruling with the 19th Judicial District Court pursuant to La. R.S. 49:964.
Prior to the hearing, the trial court entered an order allowing Ms. Dobrowolski to supplement the record with evidence including the deposition testimony of her treating physician, Dr. Jed Morris, and her treatment file. After considering that evidence and the evidence in the agency record, the trial court concluded that LASERS had been arbitrary and capricious in discontinuing Ms. Dobrowolski’s disability status, and that its | ^conclusions were not supported by a preponderance of the evidence. The trial court entered judgment accordingly.
LASERS now appeals raising three assignments of error. LASERS contends that the trial court committed manifest error when it rendered judgment based upon a medical diagnosis unsupported by competent evidence, that the trial court committed manifest error when it permitted Ms. Dobrowolski to supplement the administrative record in the trial court, and that the trial court was manifestly erroneous in finding LASERS’s decision to be arbitrary and capricious.
SUPPLEMENTATION OF THE RECORD
LASERS argues that the trial court’s review of its decision is confined to the agency record “unless additional proof is taken in accordance with the Act, LSA-R.S. 49:964 ....” In this regard, La. R.S. 49:964(E) provides as follows:
E. If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence he taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court. (Our emphasis.)
Accordingly, we address two issues in determining whether the trial court committed error in supplementing the record: 1) whether the evidence from Ms. Dobro-wolski’s treating physician was material, and 2) whether the trial court erred in not remanding the matter to LASERS to “take” the additional evidence and to supplement the record.
Evidence is material if the proposition it tends to prove or disprove is a matter in issue. Matte v. Louisiana Farm Bureau Casualty Insurance Company, 95-1308, p. 4 (La.App. 3 Cir. 6/12/96), 676 So.2d 713, 715, citing State v. Rogers, 553 So.2d 453, 455 (La.1989). Here, Dr. Morris’s testimony and treatment record, detailing Ms. Dobrowolski’s “case history,” suggested that she is totally and permanently disabled. Such evidence is clearly “material” to the issue of her disability status.
LASERS argues that Dr. Morris is not qualified to render an opinion in this matter because he is not a board-certified rheumatologist. However, while Dr. Morris is not board certified, the record amply demonstrates his expertise in the field. He testified that he has received “exactly the same” training as a board-certified rheumatologist, has been practicing rheu-matology since 1974, and began that practice before the practice of board certification in that field began. He is a member of the American College of Rheumatology, and has authored articles on rheumatolo-gy. Contrary to LASERS’s assertions, La. R.S. 11:218 does not expressly limit the evidence in the record to the reports of *457 State Medical Disability Board physicians or Board-designated physicians. The statute expressly contemplates consideration of the “disability case history” as well as, in certain instances, “medical evidence of disability.” The additional evidence of the treating physician, therefore, is not excludable on the basis of immateriality. We conclude the trial court did not err in concluding that evidence was material.
Ms. Dobrowolski argues that the trial court acted properly in receiving the additional evidence of her treating physician, as La. R.S. 11:218 does not provide for an agency hearing or other opportunity for her to submit her proposed material evidence. This is not entirely accurate. Judicial review under the Louisiana Administrative Procedure Act, particularly La. R.S. 49:964, is also part of the pertinent statutory scheme. See La. R.S. J¿1:218(D)(2). La. R.S. 49:964(E) authorizes the trial court to order “additional evidence be taken before the agency upon conditions determined by the court.” (Our emphasis.) Such conditions may properly include compliance with the procedures set forth in La. R.S. 49:955 — 958. For example, La. R.S. 49:958 requires that an agency’s final decision in an administrative adjudicatory proceeding be in writing or stated in the record, and that it include “findings of fact.”
Louisiana Revised Statutes 49:964(G) makes the trial court reviewing an administrative decision a factfinder who weighs the evidence and makes its own conclusions of fact by a preponderance of the evidence. Multi-Care, Inc. v. State, Department of Health and Hospitals, 00-2001, p. 4 (La.App. 1st Cir.11/9/01), 804 So.2d 673, 675. But La. R.S. 49:964(F) expressly confines the trial court’s review of the agency decision to its record, and La. R.S. 49:964(E) expressly restricts the submission of additional evidence found material by the court to that “taken before the agency.” West v. Louisiana Department of Public Safety, 432 So.2d 273, 278 (La.App. 1st Cir.1982). The reason for that requirement is obvious: “The agency may modify its findings and decision by reason of the additional evidence.” La. R.S. 49:964(E). Such result might obviate further review by the courts and conclude the matter.
Because we conclude the trial court erred in admitting additional evidence de novo, without following the procedure mandated by La. R.S. 49:964(E), we pre-termit discussion of its assignment of error as to the trial court’s finding that LASE RS’s decision was arbitrary and capricious under La. R.S. 49:964(G)(5).
Based on the foregoing, we reverse the trial court’s judgment, and remand this matter to the trial court for determination of the conditions for |fithe receipt of the material evidence at issue by LASERS, prior to remand of the matter to LASERS for consideration of such evidence.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed equally to the appellant, the Louisiana State Employees’ Retirement System (in the amount of $923.92, representing half of the total appeal costs), and to the appellee, Ethel Dobrowolski.
REVERSED AND REMANDED.
DOWNING, J., concurs and assigns reasons.