# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

COLBY S. HARRINGTON

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE AND
ANDREA CARROLL

**DECEMBER 14, 2020**

---

In Re:    Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Andrea Carroll, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 691612.

---

**BEFORE:    McDONALD, HIGGINBOTHAM, THERIOT, LANIER AND WOLFE, JJ.**

**WRIT GRANTED.** The provisions defining the nature and scope of judicial review under the Administrative Procedure Act do not authorize a trial de novo in a reviewing court. **Buras v. Board of Trustees of Police Pension Fund of City of New Orleans,** 367 So.2d 849 (La. 1979). Although La. R.S. 49:964(G) makes the trial court reviewing an administrative decision a factfinder who weighs the evidence and makes its own conclusions of fact by a preponderance of the evidence, La. R.S. 49:964(F) expressly confines the trial court's review of the agency decision to its record, and La. R.S. 49:964(E) expressly restricts the submission of additional evidence found material by the court to that "taken before the agency." **Dobrowolski v. Louisiana State Employees' Retirement System,** 2001-2917 (La. App. 1st Cir. 2/14/03), 845 So.2d 454, 457. Without ruling on whether or not Mr. Colby S. Harrington's claims are indeed reviewable under the Administrative Procedure Act, we find that the trial court erred in admitting additional evidence de novo, without following the procedure mandated by La. R.S. 49:964. Therefore, the writ is granted and that portion of the trial court's September 23, 2020 judgment granting relief under the Administrative Procedure Act, which included the stay of enforcement of the administrative decision of expulsion, and ordered that defendants, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Andrea Carroll, review Mr. Colby S. Harrington's application for readmission to the Louisiana State University Law School or conduct a full and fair disciplinary proceeding, is reversed. We pretermit a decision on the issue of prescription due to the lack of evidence in this writ application.

JMM
WIL
EW

**Higginbotham, J.,** concurs in the result.

**Theriot, J.,** concurs in part and ·dissents in part. The grant of authority constitutionally vested in management boards, such as the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, precludes the

application of the Administrative Procedure Act. **Grace v. Board of Trustees for State Colleges and Universities**, 442 So.2d 598 (La. App. 1st Cir. 1983), writ denied, 444 So.2d 1223 (La. 1984). See also La. Const. art. VIII, § 7. This management board has authority to adopt rules and regulations governing the internal management of the universities, including its relation to students, without legislative consent or approval. **Id.** at 601. Accordingly, while I agree that this writ should be granted and the trial court's September 23, 2020 judgment granting relief under the Administrative Procedure Act should be reversed, I dissent from the reasons of the majority and would dismiss plaintiff's, Colby S. Harrington, claims under the Louisiana Administrative Procedure Act, due to its inapplicability.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT