LeBLANC, Judge.
This court has issued, ex proprio motu, an order directing the parties to show cause why this appeal should not be dismissed for lack of jurisdiction.
Following an adjudicatory hearing before a hearing officer, the Assistant Secretary for the Office of Water Resources (the Office) of the Department of Environmental Quality (DEQ) issued a water quality certification to the Lake Verret Watershed Project pursuant to the Louisiana Environmental Quality Act (the Act), Louisiana Revised Statutes Title 30, section 1094(A)(3).[1]
*237 This certification is required by 33 U.S.C. § 1341[2] as a prerequisite to obtaining the necessary federal permits to construct the project. See Mayor & Council v. Ascension Parish Police, 468 So.2d 1291 (La.App. 1st Cir.1985). Appellants, the Mayor and Council of Morgan City and the St. Mary Parish Council, opposed the issuance of the certification and requested a hearing before the Secretary of DEQ, pursuant to Louisiana Revised Statutes Title 30, section 1072(A), or, in the alternative, that they be allowed to appeal the decision to this court under section 1072(C). Section 1072 provides in pertinent part as follows:
“A. Any enforcement or permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and shall not be subject to further review unless, no later than twenty days after the notice of the action is served by certified mail or by hand upon the respondent, he files with the secretary a request for hearing. Upon timely filing of the request, the secretary shall either grant the relief requested or forward the request to the court of appeal.
* * * * * *
“C. Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent. Any preliminary, procedural, or intermediate ruling or decision by the secretary is subject to the supervisory jurisdiction of the appellate court as provided by Article Y, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. The provisions of R.S. 49:962 and 964 shall not apply to decisions and orders of the secretary.” (emphasis added.)
The Secretary denied both requests, stating the certification was not an enforcement or permit action under section 1072(A), nor a final decision or order of the secretary under section 1072(C). The Secretary further advised appellants that they could seek judicial review of the decision pursuant to the Administrative Procedure Act, Louisiana Revised Statutes Title 49, section 964(B).
Appellants subsequently filed a petition for judicial review in the Nineteenth Judicial District Court. They then filed a motion for “summary judgment,” seeking a declaration that a water quality certification is a permit action or, alternatively, that it is a final decision or order of the Secretary. Appellants also sought an order granting an appeal to this court, or alterna *238 tively, ordering the transfer of the case to this court.
The trial court denied appellants’ motion but, ex proprio motu, noted its lack of subject matter jurisdiction. The court first dismissed the case but, on rehearing, ordered that it be transferred to this court. We then issued the present show cause order questioning our jurisdiction.
The issues are whether or not the Assistant Secretary’s decision granting a water quality certification under section 1094(A)(3) is an enforcement or permit action for purposes of section 1072(A) or whether it is a final decision or order of the Secretary of DEQ under section 1072(C).
Appellants argue that a water quality certification is the same as a permit, citing this court’s decision in the first suit between these parties. See Mayor & Council, supra. In that case, we adopted the trial court’s statement of facts which contained the following language:
Permits were required pursuant to the Federal Clean Water Act (33 USC 1251(a) (the Act)), to insure and maintain the chemical, physical and biological integrity of the nation’s waters. One such permit is a water quality certificate required by Section 401 of the Act as an indispensable prerequisite to other federally required permits.
Mayor & Council, 468 So.2d at 1293.
Conversely, DEQ contends a water quality certification is not a license or permit but merely a preliminary requirement that must be met in order to obtain a federal license or permit, citing 33 U.S.C. § 1341(a)(1) and Lake Erie, Etc. v. U.S. Army Corps of Engineers, 526 F.Supp. 1063, 1074 (W.D.Penn.1981), affirmed, 707 F.2d 1392 (3d Cir.1983), cert. denied, 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983).
We agree with DEQ’s contentions. Under the Act, a water quality “permit” is a grant of authority to discharge a substance into the waters of the state. See La.R.S. 30:1095. However, a water quality “certification,” such as that issued in the present case, is simply a statement that any discharge resulting from a project will comply with applicable provisions of the Federal Clean Water Act. See 33 U.S.C. § 1341. Since the certification is not an enforcement nor a permit action, DEQ was not required to forward appellants’ request for hearing to this court pursuant to section 1072(A).
Appellants additionally maintain that the granting of a water quality certification is a final decision of the Secretary of DEQ, which may be appealed to this court pursuant to section 1072(C). They argue that the Secretary may delegate authority to the assistant secretaries under sections 1061(D)(3)[3] and 1094(B)(4) and that the Assistant Secretary’s issuance of the water quality certification in this case is a final decision of the Secretary because of that delegation of authority.
However, the powers and duties of the Office of Water Resources and the powers and duties of the Secretary of DEQ are separately delineated in section 1094, subsections (A) and (B), respectively. The power to issue a water quality certification is specifically granted to the Office in subsection (A)(3), not to the Secretary. In the present case, the Assistant Secretary acted in accordance with the authority given to the Office by section 1094(A) and not pursuant to any authority delegated to him by the Secretary. Therefore, section 1072(C) does not apply because the Assistant Secretary’s issuance of the water quality certification was not a “final decision or order of the secretary.”
Accordingly, judicial review of the Assistant Secretary’s decision must be sought in the district court, and we transfer this appeal to that court pursuant to Louisiana Code of Civil Procedure article 2162.
*239 APPEAL TRANSFERRED TO THE DISTRICT COURT.

. The applicable provisions of La.R.S. 30:1094 are as follows:
“§ 1094. Office of water resources; secretary of environmental quality; powers and duties
"A. The office of water resources shall have the following powers and duties:
******
“(3) To process all applications for certifications which applicants for federal licenses or permits are required to provide to the appropriate federal agency. In connection with the issuance of such certificates, one notice of each application for a certification under this Paragraph must either be published in the official journal of the state or issued as a joint notice by the affected federal agency. In the event the assistant secretary determines that there is significant public interest in the proposed activity, he may cause notice to be published in a newspaper of general circulation in the affected area. If the notice *237 is published in the official state journal and/or other newspaper, the cost of such publication shall be borne by the applicant. Such notice shall provide that comments concerning the application may be filed with the office within ten days after the date of the notice. Thereafter the office shall act upon the application and take such action as it deems appropriate.
******
“B. The secretary shall have the following powers and duties:
******
“(4) To develop permitting procedures and to require and issue permits, licenses, or compliance schedules for all waste water discharges or sources of water pollution within the state of Louisiana and, when the secretary deems it advisable, to delegate the power to issue such permits, licenses, or compliance schedules to the assistant secretary subject to his continuing oversight."

. 33 U.S.C. § 1341 states in pertinent part:
§ 1341. Certification
“(a) Compliance with applicable requirements; application; procedures; license suspension
"(1) Any applicant for a Federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in any discharge into the navigable waters, shall provide the licensing or permitting agency a certification from the State in which the discharge originates or will originate, , or, if appropriate, from the interstate water pollution control agency having jurisdiction over the navigable waters at the point where the discharge originates or will originate, that any such discharge will comply with the applicable provisions of sections 1311, 1312, 1313, 1316, and 1317 of this title."

. La.R.S. 30:1061(D)(3) provides:
“D. The secretary shall have the following powers and duties:
******
"(3) To delegate the power to grant or deny certain permits, licenses, registrations, variances, or compliance schedules to the assistant secretaries."