LeBLANC, Judge.
This appeal involves a water quality certification issued by the Louisiana Department of Environmental Quality (DEQ) for a project referred to as the Lake Verret Watershed Plan (LVWP). Several parties, including the Ascension Parish Police Jury, the Assumption Parish Police Jury, and the Iberville Parish Police Jury (collectively referred to as Sponsors, hereinafter) applied for this certification. The Mayor and *146 Council of Morgan City and the St. Mary Parish Council (collectively referred to as Opponents, hereinafter), intervened in this matter to contest the issuance of the certification.
On May 30, 1986, following an adjudicatory hearing before a hearing officer, the Assistant Secretary for the Office of Water Resources of DEQ issued a water quality certification for the LYWP project pursuant to La.R.S. 30:1094(A)(3).[1] DEQ notified Ms. Doris Falkenheiner, attorney for Opponents, of the issuance of the certification by a letter dated June 2,1986. On June 25, 1986, the Mayor and Council of Morgan City and the St. Mary Parish Council filed a Motion for Hearing by the Secretary of DEQ pursuant to La.R.S. 30:1072[2], seeking to have the Assistant Secretary’s action of issuing the certification vacated. In the alternative, Opponents asked that the motion be considered a motion for an appeal.
Denying both requests, the Secretary stated in a letter to Opponents dated December 8, 1986, that since the action complained of was the issuance of a water quality certificate and was neither an “enforcement or permit action” nor a decision or order by the Secretary of DEQ, the provisions of La.R.S. 30:1072 were not applicable and, therefore, she could not grant the requested relief. The letter further advised that Opponent’s Motion for Hearing by the Secretary had been forwarded to the Administrator of the Office of Water Resources for treatment as a request for a rehearing. A letter from the Assistant Secretary of DEQ to Ms. Falkenheiner, also dated December 8, 1986[3], advised that opponents’ request had been treated as a request for a rehearing and that the rehearing was denied.
On December 30, 1986, Opponents filed a petition for judicial review in the Nineteenth Judicial District Court. Thereafter, they filed a motion for summary judgment, seeking a declaration that a water quality certification is a permit action, or alternatively, that it is a final decision or order of the Secretary. Opponents also sought an order granting an appeal to this court or an order transferring the case to this court. The district court first dismissed Opponent’s suit but, on rehearing, ordered that it be transferred to this court. In Mayor and Council of Morgan City v. DEQ, 525 So.2d 235 (La.App. 1st Cir.1988), we issued ex proprio motu a show cause order questioning jurisdiction and found that the district court was the appropriate court to provide judicial review of the Assistant Secretary’s decision and transferred the appeal to that court.
Upon remand, the trial court found error in DEQ’s actions. Specifically, the trial court found that since Opponents established that the Assistant Secretary who issued the water quality certification did not hear the case or read the record, DEQ failed to follow the procedural requirements imposed by La.R.S. 49:957; i.e., prior to a final decision being rendered, the par *147 ties must be served with a proposed order and the opportunity must be afforded to adversely affected parties to respond to the proposed order.[4] Accordingly, the court rendered judgment in favor of Opponents and against DEQ, reversing the water quality certification of May 30, 1986. The trial court also remanded the matter to DEQ for proceedings consistent with the judgment and written reasons in support of the judgment. Thereafter, Sponsors filed a suspensive appeal and Opponents filed a devolutive appeal in this matter.
On appeal, Sponsors argue that Opponents’ petition for judicial review was untimely and that the trial court did not have jurisdiction to review DEQ’s actions. Sponsors also argue that since the hearing officer, who prepared the proposed order, was a member of DEQ, the procedural requirements of La.R.S. 49:957 are not applicable to the present case.[5]
Opponents argue that Sponsors: 1.) do not have the right to appeal the district court’s judgment; 2.) should be equitably estopped from raising the issue of timeliness; and 3.) should not be allowed to raise new issues on appeal. Opponents also argue that the trial court erred in rejecting their argument that the procedural requirements of La.R.S. 49:956 were not complied with by DEQ (due to the hearing officer conducting an aerial survey after the hearing was concluded but before the hearing officer issued his proposed findings and recommendations and without giving Opponents an opportunity to respond to or rebut the evidence ascertained from the survey). Lastly, Opponents assert that the trial court should have determined that DEQ erred in not giving effect to an injunction issued in 1983 which permanently enjoined work on the LVWP.[6]
First, we address Opponents’ arguments regarding Sponsors’ right to appeal the judgment of the district court. Opponents contend that Sponsors, who were not named as defendants in the trial court proceedings, should have intervened in the trial court proceedings to assert the arguments currently being advanced on appeal. Since Sponsors did not do so, Opponents argue they should be equitably estopped from bringing an appeal.
We find no merit in Opponents contentions. La.C.C.P. art. 2086 states, “A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” Also, La.C.C.P. art. 1091 provides, in pertinent part, "A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto....” Sponsors could have intervened at the trial court level since they clearly would have had sufficient interest in the litigation to do so. Thus, pursuant to La.C.C.P. art. 2086, Sponsors are authorized to pursue their appeal. Furthermore, Opponents have not demonstrated that they changed their position to their detriment with respect to this litigation as a result of a justifiable reliance on the actions or inactions of Sponsors. See, John Bailey Contr. v. St., Dept. of Tr. & Dev., 439 So.2d 1055 (La.1983). Accordingly, we find no merit in Opponents’ arguments regarding equitable estoppel.
Additionally, we note that even if Sponsors were estopped from raising the timeliness issue, this court may notice on *148 its own its lack of jurisdiction to adjudicate a matter. West v. Louisiana Dept. of Public Safety, 432 So.2d 273 (La.App. 1st Cir.1982). A petition requesting judicial review must be timely filed for a reviewing court to have jurisdiction to review an administrative ruling. Robinson v. City of Baton Rouge, 566 So.2d 415 (La.App. 1st Cir.1990). Thus, we consider whether Opponents’ petition for judicial review was timely filed.
In this instance, La.R.S. 49:964 B and 49:959 set forth the applicable time limitations pertinent to this case, as follows:
§ 964. Judicial review of adjudication
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon....
§ 959. Rehearings[7]
A. A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry....
[[Image here]]
B. ... If an application for rehearing shall be timely filed, the period within which judicial review, under the applicable statute, must be sought, shall run from the final disposition of such application.
Applying these provisions to the present case, we find that the record does not support Sponsors’ contention that the suit for judicial review was untimely. The record establishes that the Secretary of DEQ forwarded Opponents’ motion for a hearing by the secretary to the Office of Water Resources for treatment as a request for a rehearing. Thus, we find it proper to consider whether Opponents' motion was timely filed pursuant to La.R.S. 49:959. Although the issuance of the water quality certification is dated May 30, 1986, the record does not establish that this action was ever entered or filed into DEQ’s adjudicatory record of these proceedings. Since we cannot determine the date of entry of DEQ’s action based on the record before us, we must conclude that the motion for a rehearing was timely filed. The record fails to establish that the delay for filing a motion for a rehearing ever began to run. See, West, 432 So.2d at 273, 277. (La.App. 1st Cir.1983) (on rehearing).
Furthermore, since the record establishes that the Office of Water Resources did not act to deny the rehearing until December 8, 1986, Opponents’ suit, which was filed on December 30, 1986, within thirty days of the denial of the rehearing, also must be considered timely.
Next, we consider both Opponents’ and Sponsors’ arguments regarding La. R.S. 49:957, which provides as follows:
When in an adjudication proceeding a majority of the officials, of the agency who are to render the final decision have not heard the case or read the record, or the proposed order is not prepared by a member of the agency, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made final until a proposed order is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the officials who are to render the decision. The proposed order shall be accompanied by a statement of the reasons therefor and of the disposition of each issue of fact or law necessary to the proposed order, prepared by the person who conducted the hearing or by one who has read the record. No sanction shall be imposed or order be issued except upon consideration of the whole record and as supported by and in accordance with the reliable, probative, and substantial evi *149 dence. The parties by written stipulation may waive, and the agency in the event there is no contest may eliminate, compliance with this Section.
We first note that the record in this matter does not establish any waiver of compliance with this statutory provision. Opponents argue that the trial court correctly concluded that the procedural requirements imposed by this statute had not been met; i.e., they contend they received no notice of the proposed order and had no opportunity to respond to the order before the Assistant Secretary issued the water quality certificate.
On the other hand, Sponsors argue that the hearing officer who prepared the proposed order, Mr. Marion Fannaly, was a member of DEQ and in that instance the statute does not require that notice of the proposed order be served on the parties before the final decision is rendered.
We agree with Opponents. The record does not establish that Mr. Fannaly was a member of DEQ when he prepared the proposed order regarding the issuance of the certificate. Also, the record does not establish that the assistant secretary, who made the final decision regarding the issuance of the certificate, either heard the case or read the record before rendering his decision. Additionally, the decision was adverse to Opponents.
Based on these facts, we find that La. R.S. 49:957 did mandate that the proposed order be served upon both Sponsors and Opponents and that they be given the opportunity to file exceptions and present briefs and oral argument to the assistant secretary before he rendered his decision. Since the record does not establish that these procedural rights were afforded, to Opponents, we find the trial court properly concluded that the issuance of the water quality certificate should be reversed and the matter remanded for further proceedings.
We further note that although the trial court did not find merit in the Opponents’ argument regarding the aerial survey conducted by the hearing officer, we are concerned that the hearing officer may have based his findings of fact, in part, on evidence which was neither included in the record nor officially noticed. La.R.S. 49:955 G provides, “Findings of fact shall be based exclusively on the evidence and on matters officially noticed.”
The proposed findings of facts prepared by the hearing officer refer to “[a]n intensive aerial survey of the LYWP [which] was made by the Hearing Officer on May 20, 1986” [8] and state that “[m]uch additional information has been obtained by means of the adjudicatory hearing, site visit, and aerial survey of the project.” Opponents do not contend that the aerial survey should not have been conducted, but they do complain that it was error for the hearing officer to consider the evidence ascertained from the aerial survey without admitting it into evidence and without affording Opponents the opportunity to respond to whatever facts were ascertained from the aerial survey.
The trial court found no merit in Opponents’ argument, concluding that the record did not establish that “the hearing officer’s findings were based substantially on this aerial overflight.” We do not likewise conclude that Opponents had to establish that the hearing officer’s findings were based substantially on facts derived from the aerial survey in order to establish error in the actions of the hearing officer. Moreover, since we have no information regarding what facts were ascertained as a result of the aerial survey, we cannot determine how these facts influenced the findings of the hearing officer. However, we do find error in the hearing officer's apparent consideration of information derived from the aerial survey, regardless of how minimal a consideration it was given, because the record establishes that no information regarding the aerial survey was admitted into evidence.
*150 However, we note for purposes of the remand that the information derived from the aerial survey may be admissible pursuant to La.R.S. 49:956, depending on the type of information obtained from the aerial survey. If so, the introduction of this evidence should comply with the notice provisions of the statute.
Our last consideration is Opponents’ argument that the water quality certification should not have been issued due to the permanent injunction issued in 1983 barring work on the LVWP. We disagree with Opponents’ contention because the-water quality certificate does not actually authorize work on the project. The water quality certificate only approves that the proposed activity complies with various federal statutory provisions.[9] Thus, we need not address whether the 1983 injunction continues to prohibit work on the LVWP.
For the above reasons, the judgment of the trial court reversing the issuance of the water quality certificate and remanding the matter to DEQ is affirmed. Further proceedings at the administrative level should be consistent with the views expressed in this opinion. Costs of this appeal in the amount of $450.00 are assessed against Sponsors.
AFFIRMED.

. La.R.S. 30:1094 was subsequently redesignated as R.S. 30:2074, which provided, in pertinent part, at the time in question:
A. The office of water resources shall have the following powers and duties:
[[Image here]]
(3) To process all applications for certifications which applicants for federal or state licenses or permits are required to provide to the appropriate agency....

. This statutory provision has been redesignated as La.R.S. 30:2024 and provided as follows at the time in question:
A. Any enforcement or permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and shall not be subject to further review unless, no later than twenty days after the notice of the action is served by certified mail or by hand upon the respondent, he files with the secretary a request for hearing. Upon timely filing of the request, the secretary shall either grant the relief requested or forward the request to the court of appeal.
[[Image here]]
C. Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent. ...

.This letter was actually dated December 8, 1968. However, the parties do not dispute the date of this letter, so we assume that the reference to 1968 rather than 1986 was a typographical error. We note that the letter was file stamped by DEQ on December 11, 1986.

.The trial court also found merit in other assignments of error raised by the Opponents concerning whether the evidence set forth at the hearing regarding the nutrient criteria and the aesthetics of the plan supported the issuance of the water certification. Since we agree with the trial court that DEQ’s failure to comply with the procedural requirements of La.R.S. 49:957 requires reversal of the issuance of the water quality certificate and a remand of the matter to DEQ, we find it unnecessary to address the issues raised on appeal regarding the merits of the issuance of the certification.

. We pretermit other issues raised by Sponsors concerning the merits of whether the certification was properly issued.

. This injunction arose out of previous litigation attacking the validity of a water quality certification issued by the Louisiana Stream Control Commission in 1978 for the LVWP. In 1983, the injunction was issued as a result of the certification being found invalid and unconstitutional for lack of due process.

. We note that there is no statute or administrative regulation providing a specific time period within which an aggrieved party may apply for a rehearing subsequent to the issuance of a water quality certification by DEQ. In the absence of such a provision, La.R.S. 49:959 is controlling. See, Corbello v. Sutton, 446 So.2d 301 (La.1984).

. The administrative hearing was conducted on March 17, 1986 through March 20, 1986. Apparently, the aerial survey was conducted by the hearing officer on March 20, 1986, after the hearing was concluded.

. We note that "certification" and "permit" are defined in Volume 14 of the Louisiana Administrative Code in Title 33, Part IX, Section 107 as follows:
Certification — means approval by the administrative authority that any activity which may result in any discharge into or potential change of the waters of the state and as such requires application for a Federal permit, will comply with the applicable provisions of ... [sections 301, 303, 306, 307] of the Federal Water Pollution Control Act (FWPCA) as amended.
Permit — means written authorization issued by the administrative authority to discharge, emit or dispose of liquid, gaseous, semi-solid or solid waste or reusable materials, or radioactive material from, or at, a site or facility, including all conditions set forth therein.