Dear Mayor Foster:
You requested an opinion from our office concerning the residency requirements for the member position of the Hammond Municipal Fire and Police Civil Service Board to be elected by the municipal fire department. You informed us that currently this member position is vacant. Because of the sparcity of fire department personnel who are actually residents of the city, the city council, pursuant to R.S. 33:2476
(B) (1) (b), proposed an ordinance which allowed residency in Tangipahoa Parish for the members of the civil service board to be elected by the police and fire departments respectively. However, the city council, in such ordinance, added the condition that such member must reside within a five mile radius of the city. You indicated that discussion and debate has raised a question about the legality of the ordinance, and you ask whether the city council may establish a five-mile residency requirement under R.S. 33:2476 (B) (1) (b) for the members of the Hammond Municipal Fire and Police Civil Service Board to be elected by the fire and police departments respectively.
R.S. 33:2476 (B) (1) provides:
 "B. (1) (a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality.
 "(b) However, with respect to the two members elected from the municipal fire and the municipal police departments, such members shall be residents of the parish in which the municipality they are to serve is located for a period of at least five years preceding their appointment upon adoption of resolution so permitting residence location by the local governing authority."
First of all, we would like to premise our analysis of the law by saying that, in our opinion, there is nothing inherently unreasonable about choosing a five-mile radius residency requirement. Legislation frequently has to draw lines, which only appear to be arbitrary, between the applicability or inapplicability of a rule; the question is not whether the line could be drawn here or there but rather whether the line drawn bears a rational relationship to the legitimate legislative purpose for which the line is drawn. Here, it seems clear to us that it does. The purpose of the legislation is simply to make sure that there is a certain minimum amount of connectivity between the member chosen to fill the position and the city itself or the general community to be served. As the amount of connectivity the member has with the city or community is increased, the greater the stake that member has in the ultimate welfare of that city or community.
However, even though we think the proposed ordinance is not invalid for being arbitrary and unreasonable, we believe that the true question in this case is whether the proposed ordinance fits within the parameters of its statutory authorization. Thus, we must analyze the statutory authorization contained in R.S. 33:2476 (B) (1) (b), supra.
 "The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the Legislature to enact the law. *** When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further inquiry made in search of the legislative intent. ***"
 Sultana Corp. v. Jewelers Mut. Ins. Co., 2003-0360 (La. 12/3/03), p. 2; ___ So.2d ___; 2003, WL 22853818 [authorities omitted]. "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit," R.S.1:4. See also Civ. Code art. 9 ["When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature"].
 "When a statute is clear, the court must give credence to the mandate expressed by the legislature and cannot resort to construing a statute based on the spirit of the law as opposed to the plain wording of the law. Vogt v. Board of Levee Commissioners of the Orleans Levee District, 95-1187, pp. 9-10 (La.App. 4th Cir.9/4/96), 680 So.2d 149, 155. Further, courts may not extend statutes to situations, which the legislature never intended to be covered thereby. Schackai v. Louisiana Board of Massage Therapy,
99-1957, p. 13 (La.App. 1st Cir.9/22/00), 767 So.2d 955, 962."
 Sanchez v. Georgia Gulf Corp., 2002-0904 (La.App. 1 Cir. 11/12/03), pp. 8-9; 860 So.2d 277, 283.
We think that R.S. 33:2476 (B) (1) (b) is sufficiently clear on the question of this opinion. The additional condition of the five — mile residency radius does not appear at all in the statutory language and is not authorized. While we can never be certain that the Legislature would or would not have intended to permit such an additional condition, if it thought about it or was presented with it, the end result is that the statute fails to authorize it. If the Legislature would have intended it, we think it would have said so; at least such is the only true statutory construction that can be made of the plain language of the statute as it is presently written.
In Attorney General's Opinion Number 03-0349 (copy enclosed), we said that a municipality could not impose the additional condition of "term limits" on appointments to the local fire and police civil service board. Such a condition did not appear in the statute and was not authorized. We are constrained to follow this view also here and to say that the five-mile residency radius, like the "term limits" condition, does not appear in the statute and is, likewise, not authorized.
Perhaps, you can bring this matter to the attention of the Legislature in an appropriate future session, and the Legislature, either by general or special legislation, can authorize the five-mile residency condition by statute.
With warmest regards, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ THOMAS S. HALLIGAN Assistant Attorney General
Encl.
OPINION NUMBER 03-0349
October 10, 2003
71 Municipalities
77 Officers
R.S. 33:2476 (B) (c) (i); R.S. 33:2476 (B) (1) (a); R.S. 33:2476 (D); R.S. 33:2476
Municipality may not place term limitations upon appointees to local civil service board.
Mr. Steven J. Dupuis City-Parish Attorney Lafayette Consolidated Government P.O. Drawer Lafayette, LA 70502-4425
Dear Mr. Dupuis:
In response to your recent inquiry, an assistant district attorney may not serve as a member of the Lafayette Municipal Fire and Police Civil Service Board. R.S. 33:2476 (B) (c) (i) states:
 (c) (i). No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part.
An assistant district attorney holds public employment, and the language of R.S. 33:2476 (B) (c) (i) quoted above prohibits such individual from concurrently holding board membership.
In response to your second question regarding the legality of the municipality imposing term limits on board membership, note the eligibility requirements of R.S. 33:2476 (B) (1) (a) provide as follows:
 B. (1) (a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of American, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality.
The term of office for all board members "shall be for a period of three years." See R.S. 33:2476 (D). There are no statutory restrictions placed on the number of terms a board member may serve. It is our opinion that term limitations imposed by ordinance would conflict with R.S.33:2476. We have previously made this determination in Attorney General Opinion 87-165, copy attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 87-165
May 11, 1987
71 Municipalities
77 Officers
LSA-R.S. 40:1496, 42:3
Appointment of members of the Board of Commissioners for Fire Protection District No. 2 of St. Landry parish.
Mr. Harry B. Garland Attorney At Law Post Office Box 61 Opelousas, Louisiana 70570
Dear Mr. Garland:
You requested an opinion from this office concerning the appointment of members of the board of commissioners for Fire Protection District No. 2 of St. Landry Parish. You stated that the governing authority for the Town of Port Barre recently voted to limit the number of terms that appointees of the municipality could serve as members on the board and voted further to prohibit the reappointment of those presently serving as municipal appointees for the next four years. You also stated that the governing authority appointed two individuals to take office as board members at the expiration of the terms of those board members presently serving on the board. You asked for an opinion on the propriety and legality of the actions of the Board of Aldermen.
LSA-R.S. 40:1496 provides for appointment of members of the board of commissioners for Fire Protection Districts. It provides, in pertinent part, as follows:
 A. The board of commissioners shall consist of five members.
 B. In the case of a district comprising all or part of a single parish, members shall be appointed as follows:
* * * * * *
 (2) In the case where one municipality is included within the boundaries of a district lying within a single parish:
 (a) Two members shall be appointed by the parish governing authority.
 (b) Two members shall be appointed by the governing authority of the municipality; and
 (c) One shall be selected by the other four members and shall serve as chairman of the board.
* * * * * *
 D. Each member of the board shall be a resident property taxpayer of the district.
 E. Two of the initial members of the board shall hold office until one year from the January first immediately succeeding their appointment and three members shall hold office until two years from the January first immediately succeeding their appointment the respective terms to be determined by lot. Thereafter, each member appointed shall serve for a term of two years. Members are eligible for reappointment. If a vacancy occurs, it shall be filled for the unexpired term by the body originally making the appointment so vacated.
The town of Port Barre is the only incorporated municipality in Fire Protection District No. 2 of St. Landry Parish and therefore has the power to appoint two individuals to serve on the board of commissioners for the fire protection district. Each member shall serve for a term of two years and is eligible for reappointment at the end of his term.
Qualification and eligibility of the appointed members has been outlined by the quoted provision. The only required qualification is that the board appointee be a resident property taxpayer of the district. There are no restrictions placed on eligibility for reappointment nor are there any restrictions placed on the number of terms a board member may serve.
In accordance therewith, it is the opinion of this office that the governing authority for the Town of Barre cannot limit or restrict the number of terms an individual can be reappointed to serve as a member of the board of commissioners for the fire protection district. While as a practical matter, the board may refuse to reappoint members to successive terms when their terms expire, they cannot hold them ineligible to serve based on the number of terms they have already served on the board. Such an action would place a restriction on eligibility for reappointment of board members and therefore come into direct conflict with LSA-R.S.40:1496, which places no restriction on eligibility for reappointment of board members.
LSA-R.S. 42:3 addresses the limitation of terms of employees elected by boards. It provides:
 The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of membership of the board electing them so that each respective board shall elect its own officers and employees. This Section does not apply to the officers or employees of any board governed by a civil service law of this state or of any parish or municipality thereof.
This provision basically prohibits the appointment by municipal boards of officers whose terms of office exceed the term of office of the board making the appointment; its stated purpose being that of allowing each appointing board the privilege of appointing its own officers and employees. Thus, in that the two year term of those board members appointed to take office in 1989 will probably exceed the term of the present board appointing them, the appointments are probably improper.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ____________________ Cassandra A. Simms Assistant Attorney General
CAS:wm