| .GUIDRY, J.
Appellants, Carolyn Bearden and Princess Investigations (collectively Bear- *675 den), appeal the district court’s judgment, granting the Louisiana State Board of Private Investigator Examiners’ (Board) exception raising the objection of prescription/peremption, and dismissing their petition for judicial review of an administrative decision. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
In April 2001, a client hired Marshall McDonald and McDonald Investigations (collectively McDonald) to perform a private investigation. Sometime after entering into an agreement with the client to perform investigative services, McDonald became ill and referred the work to Bear-den for completion. However, the client was not satisfied with the services provided by McDonald and Bearden, and the client filed a complaint with the Board. A formal administrative hearing was held, and in a decision issued on July 23, 2002, the Board revoked the licenses of McDonald and Bearden and ordered them to pay fines, as well as costs and fees incurred by the Board.
Thereafter, McDonald and Bearden filed a motion for rehearing. The motion for rehearing was submitted on written submissions of the parties, and an order was issued on September 17, 2002, denying McDonald and Bearden’s motion. Notice of the Board’s decision on the rehearing was thereafter mailed on October 1, 2002, and received by counsel for McDonald and Bearden on October 7, 2002.
McDonald and Bearden subsequently filed a petition in district court on November 6, 2002, seeking judicial review of the Board’s decision. The Board filed a peremptory exception raising the objection of prescription/peremption based on La. R.S. 49:964(B). Following a hearing on the exception, the district court signed a judgment granting the Board’s exception and dismissed McDonald and |3Bearden’s petition for review. Bearden now appeals this judgment, asserting that the district court erred in dismissing the petition on the basis of prescription.[1]
DISCUSSION
Judicial review of an administrative adjudication is controlled by La. R.S. 49:964(B), which provides in part:
Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. (Emphasis added.)
It is well settled that in interpreting any statute, when the law is clear and unambiguous, the law shall be applied as written. Schackai v. Louisiana Board of Massage Therapy, 99-1957, p. 12 (La. App. 1st Cir.9/22/00), 767 So.2d 955, 962, writ denied, 00-2898 (La.12/8/00), 776 So.2d 464. Further, it is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984). Conversely, it will not be presumed that the lawmaker inserted idle, meaningless, or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant, or useless. Bunch, 446 So.2d at 1360.
According to the clear language of the statutory provision quoted above, an ap *676 peal from an administrative decision, following a request for a rehearing, must be made within thirty days following the decision on the rehearing. The language in this clause does not specify, as it does in the previous clause relating to appeal from the final decision, that the thirty-day appeal period begins upon the mailing of notice of the agency’s decision. Therefore, keeping in mind the rules of interpretation as outlined above, the statutory provision clearly contemplates that |4unlike appeals from the final decision when no rehearing is requested, the period for bringing an appeal following a request for rehearing commences with the rendition of the decision on the rehearing, not upon the mailing of notice of the decision, or upon receipt of notice as Bearden argues. See Mayor and Council of Morgan City v. Louisiana Department of Environmental Quality, 604 So.2d 144, 148 (La.App. 1st Cir.1992).
Alternatively, Bearden argues that even if the statutory language is clear and unambiguous, applying the law as written would lead to absurd consequences, and reading this provision in pari materia with the other administrative procedural provisions, reveals this absurdity. Even if we reviewed this provision in conjunction with other related administrative procedural laws as Bearden urges, it would only reiterate the clear language expressed above and would not lead to any absurd consequences. In particular, La. R.S. 49:959(B), dealing with rehearings, also provides that “[i]f an application for rehearing shall be timely filed, the period within which judicial review, under the applicable statute, must be sought, shall run from the final disposition of such application.” (Emphasis added.)[2] Therefore, based on this consistent approach the legislature undertook in outlining the procedure for rehearings and appeals in administrative proceedings, we find Bearden’s argument lacks merit.
Further, Bearden also argues that applying the clear language of the statute could result in a party losing their right to appeal before they are ever notified that a decision on the rehearing had been rendered. However, in this case, Bearden | ¿received notice on October 7, 2002, well before the thirty-day appeal period had expired, and therefore, this hypothetical argument also lacks merit.[3]
Therefore, based on the clear and unambiguous language of La. R.S. 49:964(B), we find that Bearden was required to file the petition for review in the district court within thirty days of the Board’s decision on the request for the rehearing, or within thirty days following September 17, 2002. Because Bearden did not file the petition for review until November 6, 2002, the petition was untimely, and therefore, the district court properly granted the Board’s exception of prescription/peremption.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court and all costs of this appeal are to be borne equally by *677 Carolyn Bearden and Princess Investigations.
AFFIRMED.

. McDonald is not a party to the current appeal.

. Bearden contends that La. R.S. 49:958 supports its position that applying the clear language of La. R.S. 49:964(B) would lead to absurd consequences. However, this provision, dealing with decisions and orders, merely states that a party must receive notice of any decision or order, but does not deal with appeal rights or procedures. Whether notice of the decision denying the rehearing was ever sent or received is not an issue in this appeal, as Bearden admits receiving notice of the decision on October 7, 2002.

. We note that while this may be a valid argument if the constitutionality of the provision were at issue, or if in fact Bearden did not receive notice of the decision before the expiration of the appeal period, those circumstances are not present here.